BASKIN, Judge
(dissenting).
In this case, as in Vic Potamkin Chevrolet, Inc. v. Horne, 505 So.2d 560 (Fla. 3d DCA 1987) (rehearing en banc), I would impose liability for the sellers’ own negligence in selling an automobile to an individual whose incompetence to drive was known to the sellers prior to the actual sale. The majority opinion permits the sellers to escape liability. Under its mandate, the sellers avoid liability for the foreseeable harm to third persons that is a consequence of their negligent sale, merely by transferring title. I decline to condone the irresponsible indifference to the well-being of the public demonstrated by the sellers. Accordingly, I would reverse the summary judgment and remand for the factfinder to decide the genuine issues of material fact disclosed by the record, namely, whether prior to the sale appellees knew they were selling the vehicle to a drunk or drugged incompetent driver and thereby subjecting members of the public to great risk of harm. If the findings are affirmative, I would impose liability under the authorities cited in my Vic Potamkin Chevrolet dissent. Vic Potamkin Chevrolet, Inc., 505 So.2d at 564 (rehearing en banc) (Baskin, J., dissenting).
HUBBART, J., concurs.